## Julia A. LeForgee et al. v. Colby Bros. & Co.

1. MECHANIC'S LIEN—*Extent of.*—The lien of a mechanic or material man is upon the whole property and affects the entire estate, legal and equitable, held by the parties.

2. SAME—*Purpose of the Notice.*—The notices under sections one and seven of the mechanic's lien act are required in order to protect the contractor in reference to the time when the lien shall attach, and as to its enforcement against other creditors, incumbrancers and purchasers.

3. SAME—*When Notices Are Not Required.*—As to the owner and as to creditors, incumbrancers and purchasers, notices are not required. So far as they are concerned, the contract and its performance create the lien in favor of the contractor, and the notice by the sub-contractor, under section 25, secures the lien in his favor to the same extent as that of the contractor.

**Mechanic's Lien.**—Appeal from the Circuit Court of Macon County; the Hon. EDWARD P. VAIL, Judge, presiding. Heard in this court at the November term, 1896. Affirmed. Opinion filed February 25, 1897.

LEFORGEE & LEE, attorneys for appellant.

J. M. GRAY, attorney for appellee.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

The appellees, as sub-contractors, obtained a decree enforcing their lien for materials furnished the contractor of a building erected for Charles C. LeForgee upon a lot of ground owned by Julia A. LeForgee, who had contracted to sell the same to said Charles C. and consented to the erection of said building thereon.

The decree recited the finding of these facts: that the petitioners have served written notice upon the parties as required by the statute; the amount due them; and ordered that in default of payment within twenty days the premises should be sold by the master.

The first objection urged in the brief of appellants is that the decree does not specify what interest or estate in the

premises is to be sold. There is no limitation, and this is in effect an order for the sale of the entire property. The fee is held by Julia A., subject to the equitable or contract right of C. C. under his agreement to purchase, and he with her knowledge and consent built the house. No question is presented as to any right of Julia A. as an incumbrancer.

The lien of the mechanic and material man, whether contractor or sub-contractor, under such circumstances is upon the whole property and affects the entire estate legal and equitable held by the parties therein. Sec. 1, act revising the law in relation to liens—Session Laws 1895, page 226. This objection must be overruled.

It is next urged it was necessary that the petitioners should file notices with the circuit clerk pursuant to sections 1 and 7 of said act.

The notices there required are to secure and protect the contractor, in reference to the time when the lien shall attach, and as to its enforcement against other creditors, incumbrancers and purchasers.

As to the lot owner who builds, or knowingly permits another to build thereon, and as to the latter such notices are not required. So far as they are concerned the contract and its performance create the lien in favor of the contractor, and the notice by the sub-contractor, under section 25, secures the lien in his favor which is provided for by section 22, in the same manner, on the same property, and to the same extent as that of the contractor.

The limitation fixed by section 34 as to the time within which the sub-contractor must commence his suit was observed in this instance.

This objection must also be overruled.

It is objected, lastly, that the materials furnished were not of the kind and quality required, and as no allowance was made because of deficiency in that respect the decree is erroneous. The evidence is not harmonious upon this point, but on examination of it we find no good reason to interfere with the conclusion reached by the Circuit Court.

The decree appears to be in accordance with the merits, as disclosed by the proof, and we think it should be affirmed.